**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN CALVIN GREENFIELD,

                Plaintiff,

v.

                                    Case No. 3:26-cv-1312-WWB-MCR

FLORIDA DEP'T OF CORR. and
HAMILTON CORRECTIONAL
INSTITUTION,

                Defendants.

_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1). He also moves to proceed *in forma pauperis*. (Doc. 2). Plaintiff appears to sue[1] the Florida Department of Corrections ("**FDOC**") and Hamilton Correctional Institution. (*See* Doc. 1 at 1, 2). Plaintiff alleges that in October 2025, he was sexually battered and then denied medical care and the ability to preserve evidence, as well as physically assaulted for requesting medical care. (*Id.* at 3–5). As relief, he requests monetary damages, a public apology, and "emergency release." (*Id.* at 5).

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language

---

[1] Plaintiff lists a different Defendant in his case caption than listed in Section I.B. of the Complaint.

of Federal Rule of Civil Procedure 12(b)(6), courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); s*ee also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

Here, Plaintiff's complaint is subject to dismissal under the PLRA for his failure to state a plausible claim under § 1983. As to Plaintiff's potential claim against the FDOC, to proceed on such a claim, a plaintiff must allege that a policy, custom, or practice of the FDOC was the "moving force" behind any alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978) (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Here, Plaintiff fails to allege any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations

2

and, thus, fails to state a claim against the FDOC.

Additionally, Hamilton Correctional Institution is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." *Monroe v. Charlotte Cnty. Jail*, No. 2:15-cv-729-FtM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015); *MacFaddin v. Blackwater River Corr. Rehab. Facility Ctr.*, No. 3:24cv59, 2024 WL 2835493, at *2 (N.D. Fla. Apr. 5, 2024) (finding that "[u]nder Florida law, a correctional facility . . . is not capable of being sued").[2] Therefore, Plaintiff's complaint is subject to dismissal as he fails to state a claim upon which relief may be granted against either defendant.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 11, 2026.

---

[2] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that,"[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12

C:    John Calvin Greenfield, #I16601

4